# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **RAYNARD McDOWELL,** | ) |
| | ) |
|     **Plaintiff ,** | ) |
| | ) |
| **v.** | )   **Case No.: 1:09-CV-1128-RDP-RRA** |
| | ) |
| **WARDEN CONSTANCE REESE, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 15, 2009 (Doc. #15), recommending that this action filed pursuant to 28 U.S.C. § 1331 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. Plaintiff filed objections to the report and recommendation on January 8, 2010. (Doc. #17).

Plaintiff is withdrawing his complaint regarding the application of the Second Chance Act (*see* Doc. #17, p. 2), but continues to complain that his due process rights were denied by Defendants in their application of management variables when they changed his classification. Specifically, Plaintiff disagrees with the Bureau of Prison's interpretation of the word "etc." as it is used in the PS 5100.08 Chapter 5, page 5. Plaintiff also claims that "the management variable can be applied only based on institutional behavior which is not supported by a Unit Discipline (UDC)/Disciplinary Hearing Officer (DHO) finding of guilt." (Doc. #17, p.2). Plaintiff does not provide any support for his unique interpretation of P5100.08 which states, "[W]hen this MGTV is applied based on institutional behavior that is not supported by a UDC/DHO finding of guilt, staff will ensure

compliance with the criteria as set forth in the Program Statement on Inmate Discipline and Special Housing Units." (Doc.#17 Exh. C)

The various documents and affidavits submitted by Plaintiff as objections to the report and recommendation support the decision of Defendants as exercises of sound correctional judgment. The final document he attaches is a response to his administrative remedy appeal, in which Harrell Watts states:

> We concur with the assessment of staff and the determination that you were not appropriate for placement in a Low-security prison at the time the MGTV was applied. However, the MGTV expired on September 26, 2009, and staff determined that it was [sic] not be renewed. Accordingly, you have been designated to a Low-security prison and will be transferred in the near future.

(Doc.#17, p. 50 - Watts Response).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DONE** and **ORDERED** this ____8th____ day of March, 2010.

                                                       **R. DAVID PROCTOR**
                                                       UNITED STATES DISTRICT JUDGE